UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 16-61063 |
| ) | |
| Mark Anthony Tufts, ) | Chapter 13 |
| Keitha (NMN) Tufts ) | |
| Debtor(s). ) | Judge Kendig |
| ) | |
| ) | Response to Objection to Proof of Claim 1-1, |
| ) | Docket No. 47 |

Now comes the Richland County Treasurer, by and through counsel, requests a hearing be set and responds to the Debtors' objection as follows.

1. Debtors' objection is factually incorrect because pages 3 and 4 of the attachment to the proof of claim 1-1 included support for 761 Betner.

2. Debtor continues to err in factually restating their estimate of the claim as of filing at $6,000 when the amount claimed at filing was $8,656.28.

3. Debtors' proposal of surrender of certain properties should not merit an objection to the claim.

4. Debtors' statement in the petition that 143 Bowman and 375 Bell were foreclosed at pages 11 and 12 of the petition by the Treasurer is inaccurate.

5. To the degree that the Debtors' are attempting to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d); or a proceeding to obtain a declaratory judgment relating to any claim described by Federal Rule of Bankruptcy Procedure 7001, the objection should be overruled or stricken as appropriate for an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001.

1.      Debtors' objection is factually incorrect because pages 3 and 4 of the attachment to the proof of claim 1-1 included support for 761 Betner.

If the Court and debtors review the filing of Proof of Claim 1-1 on May 23, 2016, the attachments included the amount of $8,656.28 between pages 3 and 4 which is included in the aggregate claim on the proof of claim.

2.      Debtor continues to err in factually restating their estimate of the claim as of filing at $6,000 when the amount claimed at filing was $8,656.28.

The petition at page 22 states the amount due as about $6,000, and the objection restates that position. The proof of claim clearly stated $8,656.28 at that time, and was backed up by documentation. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Therefore, the claim should be allowed as filed. Furthermore, the claim should be paid in full on all properties not surrendered, with interest and penalties, with all additional taxes that come due and payable over the course of the plan pursuant to 11 U.S.C. §§503(b)(1)(B)(i), 507(a)(8), and1322(a)(2).

3.      Debtors' proposal of surrender of certain properties should not merit an objection to the claim.

The fact that the Debtors' plan now calls for the surrender of two of the four properties does not merit an objection to the claim. The original plan at Docket number four does not mention this surrender. Proof of Claim 1-1 was filed on May 23, 2016. The discussion of surrender in the plan appears to have been inserted on August 2, 2016 at Docket number 24.

If a plan is confirmed surrendering these two properties, then the plan would pay only on the remaining two properties. This would not merit an objection to proof of claim 1-1, but would be a normal part of confirming the plan and paying on the properties not surrendered.

4. Debtors' statement in the petition that 143 Bowman and 375 Bell were foreclosed at pages 11 and 12 of the petition by the Treasurer is inaccurate.

The 443 code on the bills attached to proof of claim 1-1 does indicate that the Treasurer is planning to file to foreclose. No foreclosure had been filed as of the filing of this petition. A search of the Clerk of Courts records showed only a single foreclosure, 16 CV 232, filed by KeyBank against 761 Betner. The search of Richland County Courtview for Mark Tufts and first page of the complaint in 16 CV 232 are attached. The properties 143 Bowman and 375 Bell were not in foreclosure at the time of the filing of the petition.

The Treasurer may file to foreclose in the event a plan is confirmed and certain properties are abandoned. The Treasurer may file on all of the properties if the Debtors' case is ultimately dismissed.

5. To the degree that the Debtors' are attempting to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d); or a proceeding to obtain a declaratory judgment relating to any claim described by Federal Rule of Bankruptcy Procedure 7001, the objection should be overruled or stricken as appropriate for an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001.

The objection filed by the Debtors' is somewhat strange given the lack of factual basis and the repetition of the incorrect amount after the proof of claim was filed. To the degree the

objection challenges matters described under Rule 7001, the motion should be overruled or limited to the reasons allowable as a motion.

Wherefore, the Treasurer requests that objection filed by the Debtors' be overruled for the reasons above.

**/s/ Michael C. Bear**
**Michael C. Bear, Bar Number 0089213**
**Assistant Prosecutor**
**38 S. Park St.**
**Mansfield, OH 44902**
**419 774 5676**
**mbear@richlandcountyoh.us**

**CERTIFICATE OF SERVICE**

I certify that on December 29, 2016, a true and correct copy of the Response to Objection to Proof of Claim 1-1, Docket No. 47 was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

Michael C. Bear     michael.bear.esq@gmail.com, mbear@richlandcountyoh.us
Milos Gvozdenovic     mgvozdenovic@weltman.com, ecfndoh@weltman.com
Richland County Treasurer     mbear@richlandcountyoh.us
Toby L. Rosen     trosen@chapter13canton.com, trosen@ecf.epiqsystems.com
Douglas L. Thrush     douglaslt@embarqmail.com
United States Trustee     (Registered address)@usdoj.gov

And by regular U.S. Mail, postage prepaid, on:

**Stanley Baumberger**
69 Eleanor Avenue
Mansfield, OH 44906

**/s/ Michael C. Bear**
**Michael C. Bear, Bar Number 0089213**
**Assistant Prosecutor**
**38 S. Park St.**
**Mansfield, OH 44902**
**419 774 5676**
**mbear@richlandcountyoh.us**